1  REX DARRELL BERRY, State Bar No. 110219
   SCOTT M. PLAMONDON, State Bar No. 212294
2  BERRY & BLOCK LLP
   2150 River Plaza Drive, Suite 415
3  Sacramento, California 95833
   Telephone: (916) 564-2000
4  Facsimile:  (916) 564-2024

5  Attorneys for Defendant UMPQUA HOLDINGS
   CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BECKMAN, | CASE NO. 2:06-CV-01205-DFL GGH |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| UMPQUA BANK and DOES 1 to 20, Inclusive, | |
| Defendants. | |

**I.**

**STIPULATION**

Based on the fact that discovery has been or may be requested in this case seeking disclosure of confidential business information, trade secretes, and/or sensitive and private information, the undersigned parties, Defendant Umpqua Bank ("Umpqua") and Plaintiff Aaron

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Beckman ("Beckman"), hereby stipulate to the entry of the subjoined Protective Order pursuant to Rule 29 of the Federal Rules of Civil Procedure.

DATED: January 31, 2007          BERRY BLOCK, LLP


                                 By:   /s/ REX DARRELL BERRY, ESQ.
                                       REX DARRELL BERRY
                                       SCOTT M. PLAMONDON
                                       Attorneys for Defendant
                                       UMPQUA BANK

DATED: February 5, 2007          LAW OFFICES OF DAVID A. LEPORIERE


                                 By:   /s/ DAVID A. LEPORIERE, ESQ.
                                       DAVID A. LEPORIERE
                                       Attorney for Plaintiff
                                       AARON BECKMAN


## II.

## PROTECTIVE ORDER

Pursuant to Rule 29 of the Federal Rules of Civil Procedure, and according to the stipulation of the parties, it is ORDERED, ADJUDGED AND DECREED as follows:

1. Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary information, including financial information, trade secrets, personnel information, private client information, or other similar confidential and commercially sensitive information of a non-public nature, may be designated by the producing party as "confidential," and so marked, by stamping each page of the document "Confidential." In the case of photographs, the reverse side of the photograph may be marked as "Confidential." In the case of CD-Rom materials, the container may be marked as "Confidential."

/ / /

     2.     Where documents obtained from any source are used in discovery or depositions as exhibits, either party may designate such documents "Confidential" by so stating on the record, and designating the original exhibit as "Confidential" in writing on each page of the exhibit.

     3.     When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, however created and the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to discovery rules, subpoena, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

     4.     All confidential documents and all information contained therein, shall be used by the party to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

     5.     Except with prior written consent of the party asserting confidential treatment, confidential documents and the information contained therein may be disclosed only to counsel who files an appearance for the party to whom the confidential disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution and/or defense of this action.  Counsel shall be responsible for ensuring that his or her partners, associates and employees are informed of the terms of this Order and agree to abide by them.

     6.     Counsel to whom confidential documents or information have been disclosed may disclose the information to his or her client in this action, and to witnesses and outside consultants and experts who assist in the prosecution and/or defense of this action, but only after the client, witness, consultant or expert has read this Order and agrees in writing to be bound by it, as set forth in Exhibit A.  Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents.

     7.     Documents designated confidential, and information derived therefrom, may not be referred to in motions, briefs or other court papers unless placed under seal,  by the court and

may not be used in depositions or marked as deposition or trial exhibits in this action unless placed under seal by the court.

8. At the conclusion of the litigation or this action, or upon settlement or dismissal, documents designated as confidential, and all copies of such documents (other than exhibits of record), shall be returned to the party that produced such document.

9. Nothing in this Order shall prevent any party to this action from moving the Court to remove the confidential designation from a particular document, from seeking modification of this Order, from designating already-produced documents as confidential, or from objecting to discovery which a party believes to be otherwise improper.

10. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his/her client and, in the course thereof, relying generally on his/her examination of items designated as confidential.

11. For applications and motions to the Court in which a party submits confidential information, all documents containing "Confidential" information that are submitted to the Court shall be filed in sealed envelopes or other appropriate sealed containers in compliance with Federal Rule of Civil Procedure 26(c)(8) and with a motion to seal.

12. The parties agree that persons employed by the Federal Court of the Eastern District of California, Sacramento Division have no duty to the parties to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

13. Notwithstanding any of the foregoing provisions of this Protective Order, counsel for the parties may disclose documents containing information (at deposition or otherwise) to the persons who were the authors or addressees of the documents or who are shown or otherwise demonstrated to have or to have received copies thereof or notice or knowledge of contents thereof.

ORDERED this 7th day of February, 2007

/s/ David F. Levi
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

**AGREEMENT OF CLIENT, EXPERT, CONSULTANT OR DESIGNATED REPRESENTATIVE TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____ [print or type name], a client, expert, witness or designated representative of _____ [print or type name of party or law firm], in connection with *Aaron Beckman v. Umpqua Bank, et al.,* United States District Court, Eastern District of California, Case No. 2:06-CV-01205-DFL GGH, hereby acknowledges that he/she has received a copy of the Protective Order entered in this action, and has read it and agrees to be bound by all of the provisions thereof.

Dated: _____   _____
SIGNATURE

EXHIBIT A – STIPULATION AND PROTECTIVE ORDER